# United States District Court
# Central District of California

| | |
|---|---|
| JUAN J. CHAVEZ,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HUHTAMAKI, INC.,<br><br>　　　　　Defendant. | Case № 2:19-cv-05930-ODW (JEMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13]** |

## I.　INTRODUCTION

Plaintiff Juan J. Chavez ("Chavez") brings this putative wage and hour class action against Defendant Huhtamaki, Inc. ("Huhtamaki"). Huhtamaki removed the case, claiming federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (Notice of Removal ("Notice") ¶ 1, ECF No. 1.) Chavez moves to remand ("Motion"). (*See* Mot. to Remand ("Mot."), ECF No. 13.) The Court finds that jurisdiction does not exists under CAFA and **GRANTS** Chavez's Motion to Remand.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Chavez brought this wage and hour class action against Huhtamaki on behalf of himself and the class he seeks to represent (collectively "Plaintiff Class").[2] Plaintiff Class consists of "[a]ll persons who worked for any Defendant in California as an hourly paid, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action." (Compl. ¶ 24.) Chavez is a citizen of California and has worked at Huhtamaki for 36 years. (Compl. ¶ 7.) Huhtamaki is a Kansas Corporation. (Compl. ¶ 9.) Chavez alleges that Huhtamaki hired Chavez and other class members and classified them as hourly-paid, non-exempt employees, and failed to compensate them for all hours worked, meal periods, and/or missed breaks. (Compl. ¶ 28.) Chavez does not allege a specific number of violations, but he contends that the aggregate claims total only $4,645,491.99, below the threshold for federal jurisdiction. (Mot. 2, 20.) Whereas, Huhtamaki asserts that the aggregate claims total $11,386,044, above the threshold for federal jurisdiction. (Notice ¶ 63.)

Chavez filed its complaint in Los Angeles Superior Court on June 5, 2019. (*See* Compl.) On July 10, 2019, Huhtamaki removed the case. (*See* Notice.) Chavez moved to remand on August 8, 2019. (*See* Mot.) This motion is now before the Court.

## III. LEGAL STANDARD

Huhtamaki removed this case pursuant to 28 U.S.C. § 1441, claiming that this Court has original jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2). (Notice ¶ 1.) CAFA allows for federal jurisdiction over a purported class action when (1) there is an amount in controversy ("AIC") exceeding $5,000,000; (2) at least one putative class member is a citizen of a state different from defendant; and (3) the putative class exceeds 100 members. 28 U.S.C. § 1332(d)(2), (d)(5). Generally, removal statutes are

---

[2] Chavez filed his Complaint in Los Angeles Superior Court alleging eight causes of action: (1) Failure to Pay Minimum and Straight Time Wages; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Meal Periods; (4) Failure to Authorize and Permit Rest Breaks; (5) Failure to Indemnify Necessary Business Expenses; (6) Failure to Timely Pay Final Wages at Termination; (7) Failure to Provide Accurate Itemized Wage Statements; and (8) Unfair Business Practices. (Decl. of Sarah E. Ross ("Ross Decl.") Ex. A ("Compl.") ¶¶ 31–95, ECF No. 1-2.)

strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

However, the Supreme Court has stated that "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Accordingly, three principles apply in CAFA removal cases. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). "First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Id.* (quoting *Ibarra v. Manheim Inv. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). "Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Id.* "Third, when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Id.* (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).

"Yet, when the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." *Ibarra*, 775 F.3d at 1198 (citing *Dart Cherokee*, 574 U.S. at 88).

## IV. DISCUSSION

The parties do not dispute that the Plaintiff Class is made of more than 100 individuals and that the parties are minimally diverse as required by CAFA. Thus, the only issue is whether Huhtamaki has demonstrated by a preponderance of the evidence that the amount in controversy is greater than $5,000,000.

"In determining the amount in controversy, courts first look to the complaint." *Id.* at 1197. When damages are unstated in a complaint, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million if federal jurisdiction is challenged." *Id.* (citing *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013)). "The

parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997)). As *Ibarra* teaches, "under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id*.

Here, damages are unstated in the complaint, but Chavez asserts that Huhtamaki improperly removed this action. (Mot. 1.) Through his Motion and declaration, Chavez challenges Huhtamaki's calculation assumptions and argues that, as a matter of law, Huhtamaki erroneously calculated the amount in controversy. (*See* Mot. 1; Decl. of Juan J. Chavez ("Chavez Decl."), ECF No. 13-1.) Chavez contests the following four assumptions as unreasonable and unsupported: (1) each asserted class member employed by defendant worked one hour of non-overtime, off the clock time every single week of their employment; (2) using an "average" hourly rate instead of a "minimum" wage rate to calculate wages owed under a minimum wage claim; (3) using an estimate of 2 missed meal periods per workweek; (4) using an estimate of 2 missed rest breaks per workweek. (Mot. 8–9.) Consequently, Chavez asserts that Huhtamaki now bears the burden of submitting summary-judgment type evidence to establish that the amount in controversy exceeds $5 million. (Mot. 8–9.)

Huhtamaki responds by asserting that it provided sufficient evidence, which includes employee and payroll data as provided through the declaration of its senior human resources manager, Amy Peterson ("Peterson"). (Opp'n to Mot. ("Opp'n") 8, ECF No. 14; Decl. of Amy Peterson ("Peterson"), ECF No. 14-1.) Thus, Huhtamaki argues, it has "sufficiently adhere[d] to the prevailing standard regarding calculation[s] of amount in controversy, as outlined in *Dart Cherokee*." (Opp'n 2–3.) As a result, Huhtamaki asserts that it has met its burden of proving that the amount in controversy exceeds $5 million. (Opp'n 8.)

4

Here, Chavez has challenged federal jurisdiction and, although thin, Chavez's declaration constitutes evidence to contest Huhtamaki's removal assumptions. *Ibarra*, 775 F.3d at 1197. Accordingly, Huhtamaki bears the burden to demonstrate by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million. *Id.* at 1199. Here, Huhtamaki provides only a declaration from Peterson, its senior human resources manager. (*See* Mot. 2.) Peterson's declaration speaks nothing about violation rates, or estimations concerning missed meal breaks, missed rest breaks, unpaid overtime, or unpaid non-overtime. (*See generally* Peterson Decl.) Thus, Peterson's declaration is insufficient to meet Huhtamaki's burden.

Huhtamaki cites to *Elizarraz v. United Rentals, Inc.* and *Roa v. TS Staffing Servs., Inc.* to argue that Peterson's declaration provides adequate evidence to establish that the amount in controversy exceeds the jurisdictional threshold. *Elizarraz v. United Rentals, Inc.*, No. 2:18-cv-09533-ODW (JCx), 2019 WL 1553664, at *1 (C.D. Cal. Apr. 9, 2019); *Roa v. TS Staffing Servs., Inc.*, No. 2:14-cv-08424-ODW (MRWx), 2015 WL 300413, at *1 (C.D. Cal. Jan. 22, 2015). Yet, Huhtamaki ignores the critical fact that, in *Elizarraz* and *Roa*, the plaintiffs provided no evidence to challenge the defendants' removal assumptions. *See Elizarraz*, 2019 WL 1553664, at *1; *Roa*, 2015 WL 300413, at *1. That is not what occurred here.

Huhtamaki fails to proffer a preponderance of evidence to support any of its assumed violation rates as suitable for calculation purposes. *See Toribio v. ITT Aerospace Controls LLC*, No. 19-cv-5430-GW (JPRx), 2019 WL 4254935, at *2–3 (C.D. Cal. Sept. 5, 2019) (finding defendant cannot "pull violation rates out of thin air, whether it characterizes them as 'conservative' or not, and conclusively state that they are 'reasonable inference[s]' about the most important variables involved in the necessary calculation.") (citing *Ibarra*, 775 F.3d 1193). The burden is upon Huhtamaki to tip the scales in its favor, but it has failed to place sufficient evidence upon the scales. Therefore, the Court finds that Huhtamaki has failed to submit adequate summary-judgment-type evidence to establish by a preponderance of the evidence that the amount

in controversy is greater than $5,000,000.  Consequently, the Court finds that it lacks subject matter jurisdiction and must remand.

## V. CONCLUSION

For the foregoing reasons, Chavez's Motion to Remand is **GRANTED.**  (ECF No. 13.)  The Court **REMANDS** this case to the Superior Court of California for the County of Los Angeles, Case No. 19STCV19491, located at 111 North Hill Street, Los Angeles, California 90012.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

January 14, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**